THIS OPINION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Brown

Mailed: January 29, 2008

Opposition No. 91176569

National Football League, NFL
Properties LLC

v.

DNH Management, LLC

**Angela Lykos, Interlocutory Attorney:**

On October 14, 2005, DNH Management, LLC ("applicant")
applied to register the mark displayed below



for "motorcycle accessories, namely fender side cover
panels" in International Class 12.[1]  National Football
League and NFL Properties, LLC ("opposers") have opposed
registration on the grounds that applicant's applied-for

---

[1] Application Serial No. 78733408, alleging June 8, 2005 as the date of
first use anywhere and in commerce.

Opposition No. 91176569

mark (1) so resembles opposers' previously used and registered marks that it is likely to cause confusion, mistake, or deceive prospective consumers under Section 2(d) of the Lanham Act; (2) consists of matter which falsely suggests a connection between applicant and opposers under Section 2(a) of the Lanham Act; and (3) will dilute the distinctive quality of opposers' marks.[2] In their notice of opposition, opposers pleaded ownership of Registration Nos. 1056303,[3] 2941347[4] and 3138589,[5] each for the mark displayed below:



---

[2] In their pleading, opposers asserted their dilution claim under Sections 2(f) and 13(a) of the Lanham Act. Opposers should note, however, that in Board proceedings, a claim of dilution falls under Section 43(c) of the Lanham Act as amended. The last sentence of Section 2(f) addresses dilution but only insofar as it precludes issuance of a refusal of registration on dilution grounds in an ex parte context.

[3] Registered January 11, 1977, for "association services-namely, promoting the interests of member football clubs, scheduling games, and promoting interest in football" in International Class 41, alleging June 1, 1941 as the date of first use anywhere and in commerce; Sections 8 and 9 affidavits acknowledged and accepted.

[4] Registered April 19, 2005, for various items of men's, women's and children's clothing in International Class 25, alleging September 15, 1941 as the date of first use anywhere and October 15, 1991 as the date of first use in commerce.

[5] Registered September 5, 2006 for various goods in International Classes 9, 14, 16 and 28, alleging January 1, 1980 as the date of first use anywhere and in commerce for the goods in International Class 14, and January 1, 1970 as the date of first use anywhere and in commerce for the goods in the remaining classes.

2

In its answer to the notice of opposition, applicant denied the salient allegations therein and asserted various affirmative defenses, including the following: "The Opposer is not entitled to exclusively appropriate the general form of a shield with a midline break and stars as an indicator of origin for unrelated goods and services." Paragraph 27, Applicant's Answer.

This case now comes before the Board for consideration of (1) opposers' motion (filed October 8, 2007) to extend the discovery period by ninety days, and (2) applicant's motion (filed November 26, 2007) to quash opposers' noticed discovery deposition, or in the alternative, for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(1). The motions are fully briefed.

For the reasons set forth below, opposers' motion to extend the discovery period is hereby denied, applicant's motion to quash is granted, and applicant's alternative motion for a protective order is denied as moot.

### I. *Opposers' Motion to Extend Discovery*

The appropriate standard for allowing an extension of a prescribed period prior to the expiration of the term is "good cause." *See* Fed. R. Civ. P. 6(b) and Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 509 (2d ed. rev. 2004) and cases cited therein. Generally, the Board is liberal in granting extensions of time before the period to

act has elapsed so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused. The moving party, however, retains the burden of persuading the Board that it was diligent in meeting its responsibilities and should therefore be awarded additional time. *See Sunkist Growers, Inc. v. Benjamin Ansehl Company*, 229 USPQ 147 (TTAB 1985). When, as in this case, a party does not serve written discovery requests until the final day of discovery and did not attempt to depose its adversary during the prescribed discovery period, a motion to extend discovery will ordinarily be denied. *See Leumme, Inc. v. D.B. Plus Inc.*, 53 USPQ2d 1758, 1760 (TTAB 1999).

The Board recognizes that this is opposers' first request to extend any deadline in the proceeding and that the extension privilege has not been abused in this case. There is also no evidence of bad faith on the part of opposers in requesting the extension. Nonetheless, after considering the entire record and the parties' arguments, the Board finds that opposers have not made the minimum showing necessary to establish good cause to support an extension of the discovery period for any length of time.

Opposers' principal argument in support of their motion to extend the discovery period is that they delayed taking discovery because the parties were engaged in settlement

discussions. However, the evidence shows that, although discovery opened on April 23, 2007, opposers did not attempt to initiate any settlement discussions with applicant until more than two months later, on July 2, 2007, and did not serve their initial discovery requests until October 22, 2007, two days after the scheduled closing day of the discovery period.[6]

Once applicant filed an answer on May, 11, 2007, opposers were on notice that the case was going to proceed, and could have attempted settlement efforts prior to July 2, 2007.[7] Furthermore, there is nothing in the record to establish or even suggest that applicant, by word or action, guaranteed or assured opposers that it would even consider an offer of settlement. In fact, counsel for opposers admits that despite repeated attempts to call, write and email applicant from July 2, 2007 to October 2, 2007 to discuss settlement, counsel for applicant did not respond to "any of [o]pposers' efforts at communication." In its

---

[6] Because discovery was set to close on Saturday, October 20, 2007, opposers' service of their initial discovery requests on applicant the following Monday, October 22, 2007 was, by rule, timely. See Trademark Rule 2.196 and TBMP § 112.

[7] Under the Board's recently amended rules governing inter partes proceedings, there is a requirement that the parties engage in a settlement and discovery planning conference. See Trademark Rule 2.120(a); "Miscellaneous Changes to Trademark Trial and Appeal Board Rules," 72 F.R. 42242 (August 1, 2007). The Federal Register notice is also available at the Board's web page, at www.uspto.gov/web/offices/dcom/ttab/index.html. That provision of the amended rules was not in place during the discovery period for this case. Nonetheless, even prior to the amendment of the rules, the Board has always encouraged genuine, bi-lateral discussion of settlement.

responsive brief, applicant also denied having any interest in settlement and stated that at no point during the proceeding did it "engage in or encourage settlement negotiations" with opposers.

In light of their numerous unsuccessful attempts to reach applicant through various forms of communication as well as applicant's lack of interest in discussing resolution, opposers knew or should have known that settlement or even legitimate talk of settlement was highly unlikely. In these circumstances, opposers could not have reasonably concluded that they need not move forward and serve requests for discovery. *See Instruments SA, Inc. v. ASI Instruments, Inc*., 53 USPQ2d 1925 (TTAB 1999). Indeed, after receiving no response to the multiple attempts to contact applicant to discuss settlement that were made after July 2, 2007, opposers still had ample time remaining to serve discovery. Opposers, however, did not do so, and have not pointed to any exigent circumstances that prevented them from serving discovery while they continued their unilateral attempts to initiate settlement discussions with applicant. Clearly, the opposers' claimed need for an extension of discovery is the product solely of opposers' unwarranted

---

delay in initiating discovery.[8]

Accordingly, opposers' ninety-day extension request of the discovery period is hereby denied. In view of the Board's denial, discovery dates remain as originally set and as a result, the discovery period is closed.

## II. *Applicant's Motion to Quash and Alternative Motion for Protective Order*

Opposers noticed, on the last day of discovery, a discovery deposition under Federal Rule 30(b)(6), seeking designation by applicant of a witness for a deposition to take place on January 17, 2008, after the close of discovery. By rule and absent stipulation between the parties –- and there was no such stipulation -- discovery depositions must be both noticed and taken during the prescribed discovery period as originally set or reset. *See* Trademark Rule 2.120(a), TBMP § 404.01 (2d ed. rev. 2004) and authorities cited therein.

In view of our ruling denying opposers' motion to extend, and with discovery now closed, applicant's motion to quash

---

[8] The safest course of action for a party in pursuit of settlement is to seek the adverse party's permission to file a consented motion to suspend. *See Instruments SA, Inc. v. ASI Instruments, Inc.*, 53 USPQ2d 1925 (TTAB 1999). All motions to suspend, regardless of circumstances and even with the adverse party's consent, are subject to the "good cause" standard. See Trademark Rule 2.117(c). In the absence of consent, the party seeking suspension is also expected to comply with its responsibilities. For a plaintiff in a Board proceeding, that means not only shouldering the burden of proof at trial but also the responsibility for moving the case forward on the prescribed schedule.

opposers' notice of taking a Federal Rule 30(b)(6) deposition of applicant is granted. *See Rhone-Poulenc v. Gulf Oil*, 198 USPQ 172 (TTAB 1978) (deposition noticed during discovery but scheduled after discovery closed was untimely). Applicant's motion in the alternative for a protective order under Fed. R. Civ. P. 26(c)(1) is therefore denied as moot.

### III. *Proceedings Suspended*

Proceedings remain suspended pending disposition of opposers' motion to compel (filed December 21, 2007). The motion to compel will be decided in due course.

**NEWS FROM THE TTAB:**

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242. By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended. Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007. For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date. However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board. Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval. The standard protective order can be viewed using the following web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm